UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11786 WGY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

ROCKWELL AUTOMATION, INC.

    Defendant.

Civil Action No.

MAGISTRATE JUDGE _____

**COMPLAINT**
**JURY TRIAL DEMANDED**

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 8/17/04

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, ("ADEA") to correct unlawful employment practices on the basis of age by Rockwell Automation, Inc. (hereafter "Defendant"), and to make whole James Meluch, who was affected by Defendant's discriminatory practices. As alleged in greater detail below, Defendant discriminated against Mr. Meluch on the basis of his age and protected activity by (1) selecting a younger, less qualified candidate for the position of Boston District Manager; and (2) failing to hire Mr. Meluch into other positions for which he was qualified, both before and since his separation from Defendant's employ, on the basis of his age and in retaliation against him for his protected activity of alleging age discrimination.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 ("the FLSA"), as amended, 29 U.S.C. § 216(c).

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-523 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the Commonwealth of Massachusetts, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Defendant acquired Allen-Bradley, the industrial automation equipment company that had employed Mr. Meluch since 1977, in 1985, at which time Mr. Meluch became Defendant's employee. He held technical and managerial positions of increasing responsibility during his employment, and in 2001, he became Regional Director for the Northeast Region of Defendant's Global Manufacturing Solutions ("GMS") division, in Marlboro, Massachusetts.

8. During his service with Defendant, Mr. Meluch consistently received positive evaluations from his supervisors and praise from distributors with whom he worked.

9. In September, 2002, Mr. Meluch was 54 years old.

10. On September 6, 2002, Frank Fortunato ("Fortunato"), Mr. Meluch's supervisor, informed him that Defendant was reorganizing the GMS division, and that his position as Regional Director was to be eliminated. Mr. Meluch understood that he would be transferred to the position of Boston District Manager for GMS, pending approval by the hiring manager for that position, Joe Sousa ("Sousa").

11. On September 10, 2002, Sousa informed Mr. Meluch that he would not receive the Boston District Manager position. The position was awarded to a less experienced and less senior employee of Defendant who was 15 years younger than Mr. Meluch.

12. On September 16, 2002, Mr. Meluch informed Fortunato, Sousa, Vice President of Sales John McDermott ("McDermott"), and Eastern Regional Director of GMS Paul Ricken ("Ricken"), via e-mail, that he believed he was passed over for the Boston District Manager position because of his age, and that he wished to meet with all four recipients of the e-mail in person. Such a meeting never occurred, and Defendant did not undertake any investigation of

Mr. Meluch's allegations of age discrimination.

13. Mr. Meluch applied for several other positions with Defendant throughout the rest of 2002, but he was not invited to interview for any of these positions.

14. On October 14, 2002, Mr. Meluch was offered the position of Technical Consultant, Global Accounts, a marine engineering position for which he did not apply. The position was located in Virginia, it represented a significant step down in pay and responsibilities, and Mr. Meluch had no marine engineering experience. However, Mr. Meluch went to Virginia on short notice to evaluate the position. He was not offered a relocation package or any training to prepare for the position.

15. Mr. Meluch determined that he was not suited for the Technical Consultant position and requested a mutual separation from Defendant's employ, which Defendant granted. Mr. Meluch signed a separation agreement on February 5, 2003, and Defendant terminated his employment effective January 17, 2003.

16. On June 24, 2003, Mr. Meluch filed a charge with the Commission alleging violations of the ADEA by Defendant.

17. Mr. Meluch has pursued additional employment opportunities with Defendant since his separation from Defendant's employ, but Defendant has not hired him for any of these positions because of Mr. Meluch's age and in retaliation for his protected activities of alleging age discrimination in his September 16, 2002, e-mail, and filing a charge with the Commission.

18. Each applicant selected by Defendant to fill a position Mr. Meluch sought was at least five years younger than Mr. Meluch, and some applicants were twenty or more years younger than Mr. Meluch.

19. Mr. Meluch was the most qualified and experienced applicant interviewed for each position for which he was invited to interview, and he was eligible for those positions he sought for which he was not interviewed.

20. Mr. Meluch was more qualified and experienced for each position he sought than he was for the position of Technical Consultant, Global Accounts, which he received without having applied.

21. Sousa, who was responsible for Mr. Meluch's non-selection for the Boston District Manager position, had previously discriminated against job applicants on the basis of age.

22. On multiple occasions, employees of Defendant informed Mr. Meluch that hiring managers were directed by their superiors not to re-hire or consider re-hiring him.

23. The effect of the practices complained of above has been to deprive James Meluch of equal employment opportunities and otherwise adversely affect his status as an employee because of age and protected activity, in violation of Sections 4(a) and (d) of the ADEA, 29 U.S.C. §§ 623(a) and (d).

24. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of age;

B.  Order the defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who are 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices;

C.  Grant a judgment requiring the defendant to pay denied or lost pay and benefits in an amount to be determined at trial, and an equal sum of liquidated damages, plus prejudgment interest, to James Meluch, for those violations of the ADEA that took place after the effective date of his separation agreement with Defendant;

D.  Order the defendant to pay James Meluch compensatory damages arising from those retaliatory actions that took place after the effective date of his separation agreement with Defendant;

E.  Order the defendant to re-hire Mr. Meluch into an appropriate position or, in lieu thereof, order the defendant to pay him front pay;

F.  Grant such further relief as the Court deems necessary and proper;

G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Eric Dreiband, General Counsel
James L. Lee, Deputy General Counsel
Gwendolyn Y. Reams, Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

Elizabeth Grossman
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
33 Whitehall Street, 5th Floor
New York, NY 10004

_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Equal Employment Opportunity Commission

**DEFENDANTS**
Rockwell Automation, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See attachment

Attorneys (If Known)

04 11786

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | [X] 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action under the Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq., to correct unlawful employment practices on the basis of age by Rockwell Automation, Inc.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE August 17, 2004
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Attachment to Civil Cover Sheet**

Counsel for EEOC:

      Eric Dreiband, General Counsel
      James L. Lee, Deputy General Counsel
      Gwendolyn Y. Reams, Associate General Counsel
      EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
      1801 L Street, N.W.
      Washington, D.C.   20507

      Elizabeth Grossman
      Acting Regional Attorney
      EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
      33 Whitehall Street, 5th Floor
      New York, NY 10004

      Markus L. Penzel
      Senior Trial Attorney
      EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
      Boston Area Office
      John F. Kennedy Federal Building,
      Room 475
      Boston, MA 02203-0506
      (617) 565-3193

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Equal Employment Opportunity Commission v. Rockwell Automation, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [x]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [x]   NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [x]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Markus L. Penzel__
ADDRESS __EEOC, Boston Area Office, JFK Federal Bldg, Rm 475, Boston, MA 02203__
TELEPHONE NO. __617-565-3193__

(Coversheetlocal.wpd - 10/17/02)