```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

                                    C.A. NO. 04-11786-WGY
_____
                                )
EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION,                     )
                                )
     Plaintiff,                 )
                                )
v.                              )
                                )
ROCKWELL AUTOMATION, INC.,      )
                                )
     Defendant.                 )
_____)
```

## ANSWER

The defendant Rockwell Automation, Inc. ("Rockwell Automation") hereby responds to the introductory and numbered paragraphs of the Plaintiff's Complaint as follows.

Introduction. The defendant states that the introductory paragraph of the complaint states legal conclusions as to which no response is required. Otherwise, denied.

1. The defendant states that paragraph 1 of the complaint states legal conclusions as to which no response is required.

2. The defendant denies the allegations of paragraph 2.

3. The defendant states that the allegations of paragraph 3 state legal conclusions as to which no response is required.

4. The defendant admits that it has continuously been a Delaware corporation doing business in the Commonwealth of Massachusetts and has continuously had at least 20 employees since September 1, 2002.

5. The defendant admits that it has continuously been an employer with the meaning of Section 11(b) of the ADEA since September 1, 2002.

6. In response to paragraph 6, the defendant admits only that an investigator for the U.S. Equal Employment Opportunity Commission ("the Commission") sent a letter dated July 12, 2004 which outlined the relief the Commission sought to resolve the matter. The letter indicated among other things, that any conciliation agreement must be signed by the Commission's Area Director. Otherwise, denied.

7. In response to paragraph 7, the defendant admits that it acquired Allen-Bradley in 1985, that James Meluch became the Regional Director for the Northeast Region of defendant's Global Manufacturing Solutions business in 2001, and that he was located in Marlboro, Massachusetts. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Meluch's performance during his employment at Allen-Bradley.

8. The defendant denies the allegations of paragraph 8.

9. In response to paragraph 9, the defendant states that the year of birth provided by Mr. Meluch to the

defendant is 1948, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. In response to paragraph 10, the defendant admits that on information and belief, on or about September 6, 2002, Frank Fortunato informed Mr. Meluch that the defendant was reorganizing the GMS division and that Mr. Meluch's position was to be eliminated. The defendant is without knowledge or information sufficient to form a belief as to what Mr. Meluch understood at the time of this communication.

11. In response to paragraph 11, the defendant admits that on information and belief, on or about September 10, 2002, Joseph Sousa informed Mr. Meluch that another person had been appointed to the Boston District Manager position and admits that the position was awarded to an individual who was approximately 15 years younger than Mr. Meluch and who had worked for the defendant and its predecessor companies for fewer years than Mr. Meluch.

12. In response to the first sentence of paragraph 12, the defendant denies the allegations to the extent the allegations mischaracterize or fail to include all facts associated with the e-mail Mr. Meluch sent on or about September 16, 2002 to Frank S. Fortunato and states further that the e-mail speaks for itself. In response to the second sentence of paragraph 12, the defendant admits that the "simultaneous face to face meeting" with Frank

Fortunato, John McDermott, Joseph Sousa, and Paul Ricken Mr. Meluch "demand[ed]" did not occur and otherwise denies the remaining allegations of this sentence.

     13.   In response to paragraph 13, the defendant admits that Mr. Meluch applied for another position with Rockwell Automation in 2002, but denies that he was not invited to interview for the position.

     14.   In response to the first sentence of paragraph 14, the defendant admits that on or about October 14, 2002 Mr. Meluch was offered the position of Global Account Technical Consultant and that Mr. Meluch did not apply for the position and otherwise denies the allegations of this sentence. In response to the second sentence in paragraph 14, the defendant admits that the position was located in Virginia, denies that Mr. Meluch had no project engineering experience and that it represented a step down in pay for Mr. Meluch. In response to sentence three of paragraph 14, the defendant admits that Mr. Meluch went to Virginia for a short period of time and is without knowledge or information sufficient to form a belief as to Mr. Meluch's motivation for going to Virginia. In response to sentence four, the defendant admits only that during the short time Mr. Meluch was in Virginia, the defendant did not formally offer a relocation package or additional training for the position and otherwise denies the allegations of this sentence.

     15.   In response to the first sentence of paragraph 15, the defendant admits only that Mr. Meluch requested a mutual

4

separation from Rockwell Automation which the defendant provided, and is without information or knowledge sufficient to form a belief as to Mr. Meluch's rationale for requesting the mutual separation.  In response to the second sentence of paragraph 15, the defendant admits that Mr. Meluch executed a mutual separation agreement with defendant on February 5, 2003 and that his last day of work was January 17, 2003 (although his salary continued until August 1, 2003).

16.  The defendant admits that Mr. Meluch filed a charge with the Massachusetts Commission Against Discrimination on or about June 24, 2003.

17.  In response to paragraph 17, the defendant admits only that Mr. Meluch has applied for various employment opportunities with the defendant. Otherwise, denied.

18.  In response to paragraph 18, the defendant admits that upon information and belief, including the dates of birth provided by applicants after their employment by the defendant, that applicants initially selected for employment for positions Mr. Meluch applied for were at least five years younger than Mr. Meluch. The defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18.

19.   The defendant denies the allegations of paragraph 19.

20.   The defendant denies the allegations of paragraph 20.

21. The defendant denies the allegations of paragraph 21.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, but denies that the defendant directed hiring managers not to consider rehiring Mr. Meluch.

23. The defendant denies the allegations of paragraph 23.

24. The defendant denies the allegations of paragraph 24.

### FIRST AFFIRMATIVE DEFENSE

The Commission's prayers for relief are barred to the extent the relief sought is not permitted by the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

### SECOND AFFIRMATIVE DEFENSE

The rejection by Mr. Meluch of the defendant's unconditional job offer bars in whole, or in part, the Commission's claims for relief.

### THIRD AFFIRMATIVE DEFENSE

The defendant's employment practices were based on reasonable factors other than age.

### FOURTH AFFIRMATIVE DEFENSE

The Commission's claims for relief are barred, in part, by the release language and other terms in the mutual

separation agreement executed by Mr. Meluch on or about February 5, 2003.

### FIFTH AFFIRMATIVE DEFENSE

The circumstances of the case do not warrant the Commission's claim for front pay or for Mr. Meluch's reinstatement.

WHEREFORE, the defendant respectfully requests that the Court dismiss the complaint with prejudice, and award the defendant its attorneys fees and costs.

                                         ROCKWELL AUTOMATION, INC.
                                         By their attorneys,

                                         /s/ Constance M. McGrane
                                         _____
                                         James F. Kavanaugh, Jr.
                                         (BBO#262360)
                                         Constance M. McGrane
                                         (BBO#546745)
                                         CONN KAVANAUGH ROSENTHAL PEISCH
                                            & FORD, LLP
                                         Ten Post Office Square
                                         Boston, MA 02109
                                         617-482-8200

Dated: October 15, 2004

211542.1