UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKWELL AUTOMATION, INC.<br><br>    Defendant. | Civil Action No.<br>04-11786-WGY |

## CONSENT DECREE

The parties to this Consent Decree are plaintiff Equal Employment Opportunity Commission (hereafter "EEOC"), and defendant Rockwell Automation, Inc. (hereafter "Rockwell").

The EEOC brought this action on August 17, 2004, pursuant to the Age Discrimination in Employment Act of 1967, as amended (hereafter "ADEA"), 29 U.S.C. Sec. 621 et. seq., as amended. The EEOC alleged that Rockwell had discriminated against James Meluch on the basis of age by terminating him and refusing to re-hire him, and that Rockwell had retaliated against him when he complained of age discrimination. Rockwell has denied and continues to deny that Rockwell discriminated against James Meluch or retaliated against him.

The EEOC and Rockwell (hereinafter "the parties") desire to compromise and settle the differences embodied in the aforementioned lawsuit, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the EEOC and Rockwell and its successors or assigns. This Decree resolves all matters related to

Civil Action 04-11786-WGY, filed in the United States District Court for the District of Massachusetts. The parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court. The parties agree that it is in their mutual interest to resolve fully this matter without the costs, uncertainty, expense, and delay of litigation. The parties agree that this Consent Decree constitutes the complete agreement between the EEOC and Rockwell. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

    A.    This Consent Decree resolves all issues concerning alleged discrimination by Rockwell through the execution date of this Consent Decree which were raised in the Complaint filed by the EEOC in this case. This Consent Decree also resolves all issues that were raised in the Charge of Discrimination filed by James Meluch with the EEOC against Rockwell (Charge #161-2003-00425).

    B.    The parties agree that this Court has jurisdiction over the subject matter of this action and the parties to this action, that venue is proper, and that all administrative prerequisites have been met.

C.     The parties agree that this Consent Decree does not constitute an admission by Rockwell of any violation of the ADEA.

D.     Rockwell, its managers, officers, successors, and assigns agree that they will comply with all of the requirements and prohibitions of the ADEA, as amended.

E.     Rockwell, its managers, officers, successors, and assigns agree that they will not retaliate against any employee for exercising his or her rights under the ADEA, as amended.

F.     Rockwell shall pay a total of one hundred and eighty thousand dollars ($180,000 ) to James Meluch according to the following schedule: Ninety thousand dollars ($90,000.00), less applicable withholdings, shall be paid to Meluch within ten (10) business days of the Court's approval of the Consent Decree. The remaining ninety thousand dollars ($90,000.00), less applicable customary employee withholdings, shall be paid to Meluch on January 3, 2006. Rockwell shall issue Form W-2(s) for these payments, and shall make all customary and usual employer contributions toward Meluch's W-2 withholdings.

G.     Rockwell shall send each check by certified mail to the following address:

> James Meluch
> 6 Valley Forge Drive
> Shrewsbury, MA 01545

to:     Rockwell shall simultaneously send a copy of each check and W-2

> Equal Employment Opportunity Commission

        Boston Area Office
        Attn: Mark Penzel
        JFK Federal Building, Room 475
        Boston, MA  02203-0506

H.    Rockwell shall direct all requests for a reference for James Meluch to David Burney, its Human Resources Manager, and David Burney shall inform any prospective employer who asks, that James Meluch was employed by Rockwell or Allen Bradley, a company Rockwell acquired, from 1975 until 2003 in various positions of responsibility. Rockwell further agrees that it will instruct its Boston District Sales Manager and its Boston District (GMS) Manager to direct all requests for a reference for James Meluch to Mr. Burney.

I.    Rockwell agrees to conduct a two (2) hour training session for all Rockwell Global Manufacturing Solution (GMS) managers and employees with hiring authority, and all managers in Rockwell's Boston office located in Marlborough, Massachusetts, on the requirements of the equal employment opportunity laws, including the requirements of the ADEA, particularly as it concerns discrimination on the basis of age in hiring and terminations, and as it concerns retaliatory conduct. The training session will be completed within one hundred and eighty (180) days of May 30, 2005. A copy of the attendance sheets from the training sessions will be forwarded to the EEOC within ten (10) days of their completion. Such training shall also be provided all management employees hired into GMS within the term of the Consent Decree.

J.  Rockwell agrees to post and keep posted at a conspicuous and well-lit location at each permanent Rockwell GMS work site with ten (10) or more GMS employees, including Rockwell's Boston office located in Marlborough, Massachusetts, the notice attached hereto as "Exhibit A" on its letterhead. The notice shall remain posted until December 31, 2006.

K.  EEOC shall retain the right to monitor Rockwell's compliance with the terms of this Consent Decree until its expiration.

L.  No party shall contest the jurisdiction of the federal court to enforce this Consent Decree and its terms or the right of any party to this Consent Decree to bring an enforcement suit upon breach of any of the terms of this Consent Decree by any party. Breach of any terms of this Consent Decree shall be deemed a substantive breach of this Consent Decree. Nothing in this Consent Decree shall be construed to preclude the EEOC from bringing proceedings to enforce this Consent Decree in the event that Rockwell fails to perform the promises and representations contained herein.

M.  The parties agree to pay their own costs and attorneys fees associated with this action.

N.  This Consent Decree shall remain in effect for two years from the date it is approved by the Court.

O.  This Consent Decree shall be binding upon Rockwell's purchasers, successors, and assigns.

SO ORDERED, ADJUDGED AND DECREED.

Signed this ___18TH___ day of ___July___, 2005

_____
United States District Judge

APPROVED IN FORM AND CONTENT:

By Plaintiff, EEOC:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

/s ELIZABETH GROSSMAN
Elizabeth Grossman
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY  10004-2112


/s MARKUS L. PENZEL
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Boston Area Office
John F. Kennedy Federal Building, Rm 475
Boston, MA  02203-0506
(617) 565-3193

By Defendant:


/s CONSTANCE M. McGRANE
James F. Kavanaugh, Jr.
Constance M. McGrane
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

<u>Exhibit A</u>

**<u>NOTICE</u>**

1. This <u>NOTICE</u> to all employees of Rockwell Automation, Inc., is being posted and provided as part of a Consent Decree between Rockwell Automation, Inc., as Defendant and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"). Rockwell Automation, which entered the Consent Decree voluntarily and without any admission of liability, will not discriminate against any individual because of the individual's age, or engage in retaliation toward any employee because that employee has complained about age discrimination or assisted the EEOC.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, age, disability, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions, or privileges of employment.

3. Rockwell Automation will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperated with the U.S. Equal Employment Opportunity Commission nor by otherwise opposing employment practices made unlawful under federal law.

4. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-669-4000. The Boston Area Office has jurisdiction over Massachusetts and can be phoned at (617) 565-3200.

5. This <u>NOTICE</u> will remain posted until December 31, 2006.

SIGNED this _____ day of _____, 2005.

_____
[TITLE] –

**DO NOT REMOVE THIS NOTICE UNTIL <u>DECEMBER 31, 2006.</u>**